USDC - GREENBELT
'25 OCT 28 P 3:57

# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | |
|---|---|
| Kimberly Jean Brown , and,<br><br>Brown Washington Trust,<br>    *Plaintiffs*<br><br><br>    vs.<br><br><br><br>Tucker McCann Group LLP;<br>Charles T. Tucker Jr.;<br>Gorman E. Brown<br>    *Defendants* | Case No:  DLB 2 5 CV 0 3 5 4 7<br><br><br>**Federal Question**<br>**Jurisdiction: 1964(c)**<br>Racketeer Influenced and<br>Corrupt Organization Act<br><br><br>DEMAND FOR<br>JURY TRIAL |

## COMPLAINT

Plaintiffs Kimberly Jean Brown and Brown Washington Trust bring this Complaint against Defendants Charles T. Tucker, Jr., Tucker McCann Group LLP, and Gorman E. Brown. Plaintiff Brown sues Defendants directly and, derivately, as assignee of Brown Washington Trust's interest in Legacy Complete, in which Brown Washington Trust is majority-owner.

Plaintiffs demand a jury trial on all issues so triable and allege as follows:

### I. Jurisdiction and Venue

1.  This Court has federal-question jurisdiction under 28 U.S.C. § 1331 and 18 U.S.C. § 1964(c) because this action arises under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 – 1968.  Plaintiffs allege violations of 18 U.S.C. § 1962(a) - (d) and seek civil remedies authorized by § 1964(c), including treble damages, costs, and attorney's fees.

2.  The Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiffs' related state-law claims because they arise from the same nucleus of operative facts as the RICO violations.

3.  Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to the claims occurred in Maryland and each Defendant resides in this District.

## II. Parties

1.  Plaintiff Kimberly Jean Brown ("Plaintiff Brown") is an individual domiciled at 1026 E. 46th St, Unit 2E, Chicago, Illinois 60653. Plaintiff Brown brings this action on her own behalf and as assignee of Brown Washington Trust's interest in Legacy Complete.

2.  Plaintiff Brown Washington Trust ("BW Trust") is an Illinois trust with its address as 1026 E. 46th St, Unit 2E, Chicago, Illinois 60653.  BW Trust has

assigned to Plaintiff Brown the right to prosecute the claims stated herein, including derivative claims on behalf of Legacy Complete.

3. Derivative plaintiff Legacy Complete ("Legacy") is an Illinois partnership in which BW Trust owns 75 percent. A pre-suit demand on Legacy is excused as futile because BW Trust is the majority owner and brings claims to protect Legacy's interests.

4. Defendant Charles T. Tucker, Jr. ("Tucker") is an attorney licensed in Maryland and a resident of Maryland. Tucker is believed to reside at 16009 Lavender Dream Lane, Brandywine, MD 20613.

5. Defendant Tucker McCann Group LLP ("Firm") is a Maryland law firm formerly known as Tucker Law Group LLP, Tucker Moore Group LLP, and The Cochran Firm Hyattsville LLP. The Firm's registered agent is Charles T. Tucker, Jr., at 16009 Lavender Dream Lane, Brandywine, Maryland 20613.

6. Defendant Gorman E. Brown is an individual domiciled in Maryland. His address is believed to be 9407 Kynaston Ct., Bowie, MD 20721.

## III. Factual Allegations

### Holiday Inn Representation

1. On or about February 5, 2019, Plaintiff Brown was subjected to an unlawful search and seizure at a Holiday Inn in Maryland. The offenders, who represented

themselves to be Baltimore police officers, forcibly entered Plaintiff Brown's hotel room without probable cause, or a warrant, while Plaintiff Brown was undressed.

2. Despite Plaintiff Brown's pleas for privacy to dress, the officers mocked and laughed at Plaintiff Brown, and forced her to change clothes in their presence while commenting that their vest cams were recording. The officers rummaged through Plaintiff Brown's belongings, threatened to throw Plaintiff Brown out of the window, and ultimately dragged Plaintiff Brown and her possessions from the hotel while she cried for help.

3. The officers forcibly left Plaintiff Brown in the Holiday Inn parking lot, denied her re-entry to retrieve her belongings, and left her humiliated, traumatized, and scarred.

4. In 2019 and 2020, Plaintiff Brown mailed complaints to the clerk of the court for the District of Maryland to initiate a lawsuit against Holiday Inn. However, the clerk's office never received the complaints.

5. In 2022, Plaintiff Brown hired a courier to hand-deliver a complaint to initiate a lawsuit against Holiday Inn. The courier successfully delivered the complaint and initiated the lawsuit, Brown v. Holiday Inn, et al., No. 1:22-cv-00281 (D. Md.) (the "Holiday Inn Complaint"). However, the clerk prohibited the courier from using the courier company's credit card to pay the filing fee.

6. Plaintiff Brown thought she resolved the filing fee issue and was unaware that the payment issue was unresolved. Plaintiff Brown discovered the filing fee had not been paid after the court dismissed the Holiday Inn Complaint in April 2022, without prejudice, for failure to pay the filing fee.

7. On or about May 31, 2022, Plaintiff retained Defendants Tucker and Firm to: 1) reinstate the Holiday Inn Complaint and pay the filing fee, 2) investigate, pursue, and prosecute any additional meritorious claims arising from that or related incidents, and 3) obtain and secure all video footage of the Holiday Inn Incident. *(Ex. 1)*

8. However, Tucker and Firm failed to timely prosecute the matter, failed to meet deadlines, allowed permanent dismissal on procedural grounds, foreclosed on the ability to refile or assert additional claims, and failed to keep Plaintiff Brown reasonably informed.

9. In addition, Tucker and Firm failed to secure material evidence, including but not limited to the officers' body-camera footage of the Holiday Inn Incident.

10. Tucker and Firm filed an appeal after the case was dismissed. However, the arguments made were untimely and unpersuasive and the appeal was denied.

11. Plaintiff Brown cannot refile her meritorious claims.

**PGCPS Representation**

12. Also on or about May 31, 2022, Plaintiff Brown retained Tucker and Firm to represent her in her ongoing litigation, Brown v. Prince George's County Public Schools, 8:20-cv-02632 (D. Md.). *(Ex. 2)*  Discovery was imminent.

13. Tucker and Firm represented that discovery was proceeding. However, they failed to conduct necessary discovery.

14. PGCPS prevailed on a summary judgment motion. Competent discovery would have supplied evidence to defeat summary judgment.

15. Moreover, Tucker and Firm permitted a non-lawyer to draft and file a submission with the court without attorney supervision which submission contained significant factual inaccuracies. *(Ex. 3)*  In addition, Tucker and Firm filed other inaccurate documents without Plaintiff Brown's review despite Plaintiff Brown's instructions.

16. After the case was dismissed, Tucker and Firm filed a motion for reconsideration without Plaintiff Brown's knowledge. The motion was denied on or about October 23, 2023.  However, Plaintiff Brown was not made aware of the denied motion until later.

17. Plaintiff Brown attempted to contact Tucker on more than one occasion after she learned that the motion was denied.  However, Plaintiff Brown is not aware of any attempts by Tucker to respond to Plaintiff Brown's inquiries.

**Retainers and Funds**

18. On or about May 31, 2022, Plaintiff Brown and the Firm executed two retainer agreements: one for representation in the PGCPS case *(Ex. 2)* and one for representation for both the PGCPS and the Holiday Inn matters *(Ex. 1)*.

19. Plaintiff Brown paid $10,000 in retainer funds across both matters, plus $500 for the Holiday Inn appeal. *(Ex. 4)*

20. The Firm failed to provide accounting to Plaintiff Brown, failed to safeguard unearned fees, and refused to refund unearned funds upon termination or request.

**Defendant Gorman E. Brown**

21. Defendant Brown is Plaintiff's brother.  In 2013, Defendant Brown convinced Plaintiff Brown to move to Maryland from Illinois to fill a critical position on his staff that he had been unsuccessful filling.  When Defendant Brown recruited Plaintiff Brown, Plaintiff Brown was in the process of rebuilding following a fire

that significantly damaged Plaintiff Brown's home and home-based law firm. In addition, Plaintiff Brown was facing health issues.

22. To incentivize Plaintiff Brown to accept the offer and move to Maryland, Defendant Brown claimed that he would arrange for Plaintiff Brown to work with several attorneys that he knew were interested in the estate planning software that Plaintiff Brown had begun designing.

23. Plaintiff Brown agreed to take the position based on PGCPS's promise that Plaintiff Brown would be permitted to work for her brother.

24. After Plaintiff Brown moved to Maryland and started working in the position, PGCPS prohibited Plaintiff Brown from working for Defendant Brown, breaking their agreement.

25. Defendant Brown convinced Plaintiff Brown not to sue PGCPS for breach of contract by claiming that PGCPS would fire him, Defendant Brown, if Plaintiff Brown sued. Defendant Brown presented Plaintiff Brown with a letter of reprimand that Defendant Brown claimed PGCPS issued to him because he hired a relative to work for him, a fact PGCPS knew before Plaintiff Brown agreed to move to Maryland.

26. Not wanted her brother to lose his job, Plaintiff Brown took no action against PGCPS and returned to the life she upending in Illinois in order to move to Maryland to help her brother.

27. In 2020, approximately seven years later, Defendant Brown bragged that he was the reason PGCPS breached its contract with Plaintiff Brown. Defendant Brown admitted to concocting an elaborate scheme to have Plaintiff Brown transferred because he, Defendant Brown, had changed his mind about Plaintiff Brown working for him. In addition, Defendant Brown told Plaintiff Brown there was nothing Plaintiff Brown could do about it because the statute of limitations had expired.

28. In 2020, Plaintiff Brown filed the PGCPS action based on Defendant Brown's admission and the concealed material facts. Defendant Brown was still an employee of PGCPS when Plaintiff Brown filed suit against PGCPS.

**Additional Facts Relevant to Conspiracy, and RICO Allegations**

29. Beginning in 2019 and continuing through at least 2024, Defendants engaged in coordinated acts designed to:

A. Cause physical and emotional harm to Plaintiff Brown;

B. Obstruct Plaintiff's pursuit of claims in the Holiday Inn and PGCPS matters;

C. Disseminate disinformation to damage Plaintiff's credibility;

D. Conceal and further their actions through the use of electronic and mail communications.

30. Plaintiffs discovered the alleged connection among Defendants and the resulting injuries in November 2023 at the earliest.

## IV. Claims for Relief

### Count 1 — Legal Malpractice and Breach of Fiduciary Duty (Holiday Inn)
### (Against Charles T. Tucker, Jr. and Tucker McCann Group LLP)

31. Plaintiff Brown re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

32. Plaintiff Brown alleges that an attorney-client relationship existed between Plaintiff Brown, Tucker and Firm regarding the Holiday Inn case, giving rise to duties of competence, diligence, communication, loyalty, and candor:

    A. Tucker and Firm breached these duties by, among other things,

        a. Failing to timely file pleadings;

        b. Failing to accurately communicate the status of the represented matters;

        c. Failing to diligently prosecute Plaintiff Brown's case, causing permanent dismissal on procedural grounds;

        d. Failing to secure critical evidence, including video footage from the police officers' vest cams;

e.   Failing to assert meritorious claims against defendants;

f.   Failing to supervise attorneys and staff properly;

g.   Failing to disclose conflicts of interests;

h.   Placing their own interests above Plaintiff Brown's right to justice; and,

B.   But for Tucker's and Firm's breaches, Plaintiff Brown would have maintained viable claims and achieved a more favorable result. Plaintiff Brown sustained damages, including loss of legal remedies, emotional distress, and other consequential losses.

**Count 2 — Breach of Contract** (Holiday Inn Retainer)

(Against Tucker McCann Group LLP)

33. Plaintiff Brown re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

34. Plaintiff Brown alleges that she entered a binding retainer agreement with Firm for the Holiday Inn representation:

A.   Plaintiff Brown performed her obligations.

B.   Firm materially breached its obligations by failing to provide contracted legal services consistent with professional standards and agreed scope.

C.   Plaintiff Brown suffered damages, including lost claim value and costs.

**Count 3 — Legal Malpractice and Breach of Fiduciary Duty** (PGCPS)

(Against Charles T. Tucker, Jr. and Tucker McCann Group LLP)

35. Plaintiff Brown re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

36. Plaintiff Brown alleges an attorney-client relationship existed for the PGCPS case, giving rise to duties of competence, diligence, communication, loyalty, and candor.

   A. Tucker and Firm breached those duties by, among other things:

      a. Intentionally misrepresenting the case status to Plaintiff Brown;

      b. Allowing a non-lawyer to draft and file inaccurate documents without supervision;

      c. Failing to supervise attorneys properly;

      d. Filing pleadings without Plaintiff Brown's consent;

      e. Failing to diligently prosecute Plaintiff Brown's case;

      f. Failing to conduct discovery;

      g. Failing to disclose conflicts of interests;

      h. Placing their own interests above Plaintiff Brown's right to justice;

   B. Tucker's and Firm's breaches caused dismissal on summary judgment that competent discovery would have averted.

C.  Plaintiff Brown suffered damages.

## Count 4 — **Breach of Contract** (PGCPS Retainer)

(Against Tucker McCann Group LLP)

37. Plaintiff Brown re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

38. Plaintiff Brown alleges that she entered a binding retainer agreement with Firm for the PGCPS cases:

A.  Plaintiff Brown performed her obligations.

B.  Firm materially breached its obligations by failing to provide contracted legal services consistent with professional standards and agreed scope.

C.  Plaintiff Brown suffered damages, including lost claim value and costs.

## Count 5 — **Conversion** (Retained funds)

(Against Charles T. Tucker, Jr. and Tucker McCann Group LLP)

39. Plaintiff Brown re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

40. Plaintiff Brown alleges she paid Firm approximately $10,500 in retainer and appeal fees.

A.  Tucker, as managing partner of Firm, and Firm failed to provide a full accounting of retained funds, failed to safeguard unearned funds, and refused to return unearned retainer.

B.  Tucker and Firm wrongfully exercised dominion over Plaintiff Brown's retained funds, causing damages.

C.  Plaintiff Brown discovered her injuries no earlier than November 2023.

**Count 6 — Tortious Interference with Contract** (Holiday Inn / PGCPS Retainer Agreements) (Against Gorman E. Brown and Charles T. Tucker, Jr.)

41. Plaintiff Brown re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

42. Plaintiff Brown alleges she had two valid contracts with Firm:

A.  Defendants Brown and Tucker knew of the contracts and intentionally induced Firm's nonperformance of the contracts without justification.

B.  Firm breached the contracts, proximately causing Plaintiff Brown damages.

C.  Plaintiff Brown discovered the interference no earlier than November 2023.

**Count 7 — Fraud and Fraudulent Concealment**

(Against Gorman E. Brown, Charles T. Tucker, Jr., and Tucker McCann Group LLP)

43. Plaintiff Brown re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

44. Plaintiff Brown alleges Defendants knowingly made false statements of material fact and intentionally concealed material information, including but not limited to, filing intentionally inaccurate documents, misrepresenting that inaccurate documents had been removed or corrected, and misrepresenting case status and authorization of filings.

   A. Defendants intended for Plaintiff Brown, the Court and the general public to rely on these misrepresentations and omissions.

   B. The intended parties justifiably relied on the representations and Plaintiff Brown suffered damages.

   C. Plaintiff discovered the fraud and concealment no earlier than November 2023.

**Count 8 – False Light**

(Against Gorman E. Brown, Charles T. Tucker, Jr., and Tucker McCann Group LLP)

45. Plaintiff Brown re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

46. Plaintiff Brown alleges that Defendants knowingly filed and/or shared documents that contained false information to intentionally paint Plaintiff Brown in a negative light.

A.  Plaintiff suffered damages.

B.  Plaintiff Brown discovered the injury no earlier than November 2023.

## Count 9 — Intentional Infliction of Emotional Distress

(Against Gorman E. Brown, Charles T. Tucker, Jr., and Tucker McCann Group LLP)

47. Plaintiff Brown re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

48. Plaintiff Brown alleges that Defendants engaged in extreme and outrageous conduct with reckless disregard of the high probability of causing severe emotional distress, including mishandling highly sensitive matters, filing inaccurate and unauthorized documents, and participating in or facilitating the Holiday Inn incident and/or post-incident obstruction.

A.  Plaintiff Brown suffered severe emotional distress and resulting damages.

B.  Plaintiff Brown discovered connections among Defendants and her injuries no earlier than November 2023.

**Count 10 — Vicarious Liability**

(Against Tucker McCann Group LLP)

49. Plaintiff Brown re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

50. Plaintiff Brown alleges that at all relevant times, Tucker, and the other employees and agents of Firm, acted within the scope of actual or apparent authority on behalf of Firm, and Firm is vicariously liable for Tucker's and its other agents' torts and breaches.

**Count 11 — Civil RICO – ("Maryland Enterprise")** (18 USC 1964(c), 18 USC 1962(c-d))  (Against All Defendants)

51. Plaintiff Brown re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

52. Plaintiff Brown alleges an association-in-fact enterprise within the meaning of 18 U.S.C. § 1961(4) (the "Maryland Enterprise") comprised of each Defendant Charles T. Tucker Jr., Tucker McCann Group LLP, and Gorman E. Brown and unknown others:

A. Each Defendant participated in the conduct of the Maryland Enterprise's affairs through a pattern of racketeering activity spanning 2019 – 2024, including but not limited to:

a. Mail fraud in violation of 18 U.S.C. § 1341, by filing and sending intentionally inaccurate documents and correspondence to Plaintiff Brown and the court;

b. Wire fraud in violation of 18 U.S.C. § 1343, by transmitting false status reports, pleadings, and disinformation via email, text, and online filings; and,

c. Obstruction of justice under 18 U.S.C. § 1503 and § 1512(c) by interfering with legal process, manipulating filing deadlines, conspiring to conceal evidence (body-cam footage), and submitting unauthorized court documents.

B. Defendants' racketeering acts are related and continuous, demonstrating both closed- and open-ended continuity.

C. Defendants' racketeering activities share a common purpose: (a) to obstruct Plaintiff Brown's access to justice, (b) to damage Plaintiff Brown's credibility, and (c) to cause emotional and financial hardship to Plaintiff Brown.

D. Relationships and Roles:

a. Plaintiff Brown alleges Defendant Brown took actions including but not limited to:

1. Participating in the Holiday Inn Incident;

Complaint, Brown v. Tucker McCann Group LLP (MD) - p18

2. Preventing Plaintiff Brown's complaints regarding the Holiday Inn Incident from being filed and prosecuted;

3. Incentivizing Tucker and Firm to mishandle legal representation of Plaintiff Brown;

4. Intentionally spreading false information against Plaintiff Brown via the use of improperly filed documents;

5. Conspiring with one or more agents to intercept Plaintiff Brown's mail and packages, including but not limited to legal notices; and,

6. Utilizing electronic communications and US Mail to achieve one or more of these acts.

b. Plaintiff Brown alleges Tucker and Firm took actions including but not limited to:

1. Intentionally mishandling the prosecutions for which Plaintiff Brown retained them (Holiday Inn and PGCPS, 2022-2023);

2. Intentionally filing documents that materially misstated facts;

3. Intentionally providing inaccurate case updates to Plaintiff Brown;

4. Converting Plaintiff Brown's retained funds; and,

5. Committing these acts via electronic communication and/or US Mail.

E.  Plaintiff Brown suffered injury to business and property, including loss of legal claims, converted retained funds and reputational harm.  Such injuries were directly and proximately caused by Defendants' violations of 18 U.S.C. § 1962(c) and each Defendant conspired to violate § 1962(c) in violation of 18 U.S.C. § 1962(d).

F.  Pursuant to 18 U.S.C. § 1964(c), Plaintiff Brown seeks treble damages, costs, and reasonable attorney's fees, together with injunctive and equitable relief to prevent further racketeering activity.

**Count 12 — Civil RICO – ("Umbrella Enterprise")**  (18 USC 1964(c), 18 USC 1962(a-d))  (Direct and Derivative) (Against Gorman E. Brown)

53.  Plaintiffs re-allege and incorporate all preceding paragraphs as though fully set forth herein.

54.  Plaintiffs allege that Defendant Gorman E. Brown participated in a broader enterprise—as described in related actions No. 24-cv-13132, 25-cv-5629, and 25-cv-12209 (N.D. Ill.) ("Umbrella Enterprise"):

A.  The Umbrella Enterprise was formed to achieve a common purpose; to acquire and monetize Legacy Complete's assets and trade secrets and to obstruct Plaintiff Brown's efforts to recover them.

B. Defendant Brown conducted, or conspired to conduct, the affairs of the Umbrella Enterprise through a pattern of racketeering activity including but not limited to:

    a.   Interstate transport and sale of stolen trade secrets (18 U.S.C. § 1832 & § 2314);

    b.   Wire fraud and mail fraud (18 U.S.C. §§ 1341, 1343);

    c.   Obstruction and witness intimidation (18 U.S.C. § 1512);

    d.   Interstate transport and use of stolen property in violation of 18 U.S.C. § 2314 by transmitting Legacy Complete's proprietary materials across state lines; and,

    e.   Threats to injure via interstate communications and interstate travel in the aid of racketeering. 18 U.S.C. § 875(b-d), 18 U.S.C. § 1952

C. The Umbrella Enterprise possessed continuity, hierarchy, and shared purpose from 2015 to present. The Umbrella Enterprises racketeering acts were related and continuous, demonstrating both closed- and open-ended continuity.

D. Plaintiffs suffered injury to business and property through lost profits and income, lost software assets, and reputational damage directly caused by the Umbrella Enterprise's and Defendant Brown's violations of § 1962(a) – (d).

E.  Plaintiffs seek treble damages, costs, attorney's fees, and injunctive relief under 18 U.S.C. § 1964(c).

**Count 13 — Misappropriation of Trade Secrets (Derivative)**

(Against Gorman E. Brown)

55.  Plaintiff BW Trust re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

56.  Plaintiff BW Trust alleges Legacy possessed trade secrets including source code, logic, templates, data models, workflows, architecture, roadmaps, business plans, pricing, and related confidential materials:

A.  Legacy took reasonable measures to maintain the secrecy of its trade secrets.

B.  Defendant Brown acquired, disclosed or used (or conspired to acquire, disclose or use) Legacy's trade secrets without consent through unauthorized access, transfer, cloning, and commercialization under a different brand, causing damages.

C.  Plaintiff BW Trust, on behalf of Legacy, seeks damages, fees, injunctive relief, return and verified deletion, forensic inspection, and constructive trust.

**Count 14 — Tortious Interference with Contract** (Direct and Derivative)

(Against Gorman E. Brown)

57. Plaintiffs re-allege and incorporate all preceding paragraphs as though fully set forth herein.

58. Plaintiffs allege the existence of valid contracts with entities including:

   A. Legacy's valid contracts with Bellwether and Shannon (25-cv-12209, ILND), and Kohmedia LLC (24-cv-13132, ILND).

   B. Plaintiff Brown's employment contract with Legacy and retainer agreements with her Merit Contracts (24-cv-13132, ILND).

   C. Plaintiffs allege Defendant Brown knowingly and unjustifiably induced, or conspired to induce,  nonperformance of one or more of the contracts, causing their breach and damages to Plaintiffs.

   D. Plaintiffs seek damages and equitable relief.

**Count 15 — Tortious Interference with Prospective Economic Advantage** (Direct and Derivative) (Against Gorman E. Brown)

59. Plaintiffs re-allege and incorporate all preceding paragraphs as though fully set forth herein.

60. Plaintiffs allege Legacy's software was complete and ready to launch when it was misappropriated.  Plaintiffs had reasonable expectancies in launching and monetizing Legacy's software.  Moreover, Plaintiff Brown had a reasonable expectation that she would be compensated for her employment.

61. Plaintiffs allege:

A. Defendant Brown intentionally and wrongfully interfered, or conspired to interfere, with Plaintiffs' reasonable expectancies by misappropriating Legacy's assets, staging reputational attacks, and disrupting market relationships, causing lost profits and valuation.

B. Plaintiffs seek damages and equitable remedies.

**Count 16 — Unauthorized Access and Tampering** (Direct and Derivative)

(Against Gorman E. Brown)

62. Plaintiffs re-allege and incorporate all preceding paragraphs as though fully set forth herein.

63. Plaintiffs allege that Defendant Brown conspired to orchestrate, unauthorized access to Plaintiffs' protected systems and repositories, including credential harvesting, device and network compromise, exfiltration and alteration of data, and blocking access:

A. As a result, Plaintiffs suffered economic loss, incident response costs, and business interruption.

B. Plaintiffs seek damages and injunctive relief.

**Count 17 — Conversion and Receipt of Converted Property (Derivative)**

(Against Gorman E. Brown)

64. Plaintiff BW Trust re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

65. Plaintiff BW Trust alleges that Defendant Brown conspired to wrongfully exercise, dominion over Legacy's software, source code, derivative builds, templates, repositories, documentation, and associated confidential materials, including transfer to unauthorized parties and monetization:

   A. A derivative of Legacy's converted property is being operated and monetized as TrustAndWill.com; and,

   B. Plaintiff BW Trust seeks return of property, damages equal to full value, disgorgement, and constructive trust.

**Count 18 — Civil Conspiracy and Aiding and Abetting** (Direct and Derivative)

(Against All Defendants)

66. Plaintiffs re-allege and incorporate all preceding paragraphs as though fully set forth herein.

67. Plaintiffs allege that Defendants agreed and acted in concert to commit the unlawful acts alleged, including obstruction of legal claims, misappropriation and commercialization of Legacy's assets, and dissemination of false information.

A. Each defendant knowingly provided substantial assistance to the others.

B. Defendants are jointly and severally liable for resulting damages and subject to equitable remedies.

## Count 19 – Breach of Fiduciary Duty (Disability Trustee)

(Against Gorman E. Brown)

68. Plaintiff Brown re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

69. Upon information and belief, Plaintiff alleges:

A. Plaintiff Brown's and Defendant Brown's mother had an Illinois living trust when she moved to live with Defendant Brown in Maryland. Defendant Brown and Plaintiff Brown were contingent beneficiaries under their mother's Illinois trust. Since moving to Maryland, their mother has amended her trust and redrafted it based on Maryland law ("Mother's Trust").

B. Defendant Brown is acting as disability trustee or co-trustee of Mother's Trust.

C. As trustee, Defendant Brown owes to all beneficiaries—current and contingent—fiduciary duties of loyalty, prudence, impartiality, and good faith under Md. Code, Estates & Trusts §§ 14.5-801 through 14.5-813 and the common law of Maryland.

D. Defendant Brown has breached those fiduciary duties by, among other acts and omissions:

  a. Misusing trust funds;

  b. Failing to provide accounting as required by § 14.5-813;

  c. Using trust assets to influence or alter the beneficial interests of Mother's Trust and attempting to have Plaintiff Brown removed as a contingent beneficiary; and/or,

  d. Acting in bad faith, with self-interest, thereby jeopardizing the integrity and purpose of Mother's Trust and harming Plaintiff Brown' equitable interest.

E. Defendant Brown's conduct constitutes a serious breach of trust within the meaning of Md. Code, Estates & Trusts § 14.5-901, entitling Plaintiff Brown to equitable relief.

F. As a direct and proximate result of Defendant Brown's breaches, Plaintiff Brown has suffered injury to her beneficial interest, loss of confidence in the trustee's administration, and risk of permanent depletion of Mother's Trust assets.

70. Plaintiff Brown requests:

A.  An immediate, verified accounting of all of Mother's Trust assets, income, and disbursements from the inception of Defendant Brown's trusteeship to present;

B.  Restoration of any misappropriated or improperly used funds to Mother's Trust;

C.  Removal or suspension of Defendant Brown as trustee and appointment of a neutral successor or receiver;

D.  Constructive trust and surcharge over any property traceable to misused funds; and

E.  Such further equitable and legal relief as the Court deems just and proper.

## V. Demand for Jury Trial

Plaintiffs demand a trial by jury on all issues so triable.

## VI. Prayer for Relief

Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendants, jointly and severally, and award the following relief:

- Compensatory damages in an amount to be determined at trial;

- Restitution and return of all unearned retainer funds, with interest;

- Consequential damages, including lost legal remedies, reputational harm, lost salary, and business losses;

- Punitive damages;

- Treble damages, costs, and reasonable attorneys' fees on the civil RICO claim;

- An accounting of all retainer funds received and expended;

- Injunctive relief, including preservation, return, and verified deletion of misappropriated materials; forensic inspection; and constructive trust;

- Pre- and post-judgment interest;

- An accounting of Mother's Trust and related relief;

- Attorney fees and costs of suit; and

- Such other and further relief as the Court deems just and proper.

Dated: October 27, 2025

Respectfully submitted,

Kimberly Jean Brown, IL Esq.

Plaintiff, individually and as an assignee of Brown Washington Trust

1026 E. 46th St, Unit 2E

Chicago, IL 60653

Kim@PrivacyGladiators.com

(773) 673-0324